UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN THE MATTER OF:

| | |
|---|---|
| TIMOTHY J MOSSO | CASE NUMBER: 09-36058 |
| TYFANNY L MOSSO | CHAPTER 13 |
| Debtors | |

### TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

COMES NOW, the Trustee, Debra L. Miller and for her Objection to Debtors' Plan states:

1. Debtors are making their payments direct via money order and are current.

2. Debtors are above median income debtors and their disposable income is set by the Form B22C Means test pursuant to 11 U.S.C. §1325(b)(1)(B). Pursuant to the means test filed in this case, the Debtors are required to pay $1,056.76 a month to general unsecured creditors for a minimum of $63,405.60 to the general unsecured creditors. Debtors' proposed plan provides to pay unsecured creditors a pro rata portion of remaining funds. Trustee objects to confirmation as the disposable income test, as calculated by the Means test form, is not being met.

3. At the 341 hearing, the Debtors testified that they had withdrawn $4,000.00 from their retirement account within 12 months of the date of filing. Trustee has requested an affidavit indicating how these funds were spent. This information is necessary to determine if there were any fraudulent transfers or preference payments made that the Trustee could avoid for the benefit of unsecured creditors.

4. Debtors' Schedule J lists monthly charitable contributions in the amount of $80.00 per month. Trustee needs documentation of this contribution.

5. At the 341 hearing, Trustee requested a copy of a comparative market analysis on Debtors' home. To date, this information has not been provided and Trustee cannot determine whether there is enough equity in Debtors' property to support the payment of their third mortgage.

6. Trustee objects as Debtors do not meet the required applicable commitment period – the length of Debtors' proposed plan is only thirty-six months, but as above median income debtors they are required to propose a sixty month plan.

7. Trustee objects to the direct payment of Debtors' car outside of the plan. Debtors testified at the 341 hearing this vehicle is not a 910 car as the loan is cross collateralized. Trustee objects to the direct payment of this claim and the failure to strip to value and reduce the interest rate to *In re Till* rate interest as it diverts funds from the unsecured creditors and provides an unfair dividend to Tri-State Rail Federal Credit Union.

8. To date, the holder of the first mortgage on Debtors' property, Wells Fargo, has not filed a claim. Trustee reserves the right to object to the claim after confirmation.

WHEREFORE, as the plan has yet to comply with 11 U.S.C. §1325(a) and (b) for the reasons stated above, the Trustee objects to the confirmation of the plan.

Dated: April 1, 2010                                            Respectfully Submitted,

/s/ Debra L. Miller, Trustee
Debra L. Miller, Chapter 13 Trustee
P.O. Box 11550
South Bend, IN 46634-0155
(574) 251-1493

CERTIFICATE OF SERVICE

I hereby certify that a copy of this objection was served as follows on April 1, 2010

By U.S. Mail postage prepaid:
Debtors: Timothy and Tyfanny Mosso, 53432 E Cobus Drive, Elkhart, IN 46514

By electronic mail via CM/ECF:
Debtors' Attorney: Thomas Tokar
U.S. Trustee at [ustregion10.so.efc@usdoj.gov](mailto:ustregion10.so.efc@usdoj.gov)

/s/ Sarah E. Willms